## Williamson *v.* Tunis, Appellant.

*Mechanic's lien—Stipulation against liens—Filing contract in prothonotary's office—Subcontractor.*

Where a written contract containing a sufficient stipulation against liens has been filed in the prothonotary's office in pursuance of the Act of June 26, 1895, P. L. 369, and the uncontradicted testimony of the contractor and architect is that the contractor had no authority to commence work other than that conferred by the written contract, and it appears that materials were furnished to the contractor after the execution of the contract, and without any dealing with the owner, no lien can be filed for the materials thus furnished.

Argued Nov. 22, 1901. Appeal, No. 112, Oct. T., 1901, by defendants, from judgment of C. P. Delaware Co., March T., 1900, No. 578, on verdict for plaintiff in case of C. Frank Williamson v. Thomas R. Tunis, owner or reputed owner and William Eves, Jr., Contractor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Scire facias sur mechanics' liens. Before JOHNSON, P. J.

At the trial there was some evidence of the laying out of the line of the building a few days before the contract, which contained a stipulation against liens, was filed in the prothonotary's office.

Defendant presented, among others, the following points:

1. The preliminary driving of stakes necessary to fix where this house was to be located was not a "proceeding with said work" such as is referred to in the Act of assembly of June 26, 1895, P. L., 369. *Answer:* The answer is, I cannot so say. It is a question for the jury as to when the stakes were driven and their character and whether they 'were the stakes driven for the laying out of the building and from which it was erected. [4]

2. The words "to proceed with said work" contained in the Act of assembly of June 26, 1895, P. L. 369, does not refer to the time of driving the stakes by which the cellar digging is to be commenced. *Answer:* The answer is, the driving of the stakes in pursuance of the erection of the building and upon which the building is erected is a commencement. [5]

3. The words " to proceed with said work" contained in the

Act of assembly of June 26, 1895, P. L. 369, refer to the actual construction of the building, which in this case was the digging of the cellar. *Answer :* Our answer is the same as to point two. [6]

4. Unless the jury finds under the evidence that T. R. Tunis or H. W. Sellers authorized William Eves, Jr., to proceed with the work before the contract was signed, the verdict must be for the defendant. *Answer :* We answer, that is affirmed,— but the jury may find from Mr. Tunis's and Mr. Sellers's presence when the stakes were driven, that they authorized the commencement of the building,—if the jury believe that the stakes were then driven from which the building was erected, and then this point is not affirmed. [7]

The court charged in part as follows :

This agreement, as we construe the law, the agreement between the owner of the land and the contractor, to bind the material man must be entered into before the commencement of the building, and if it is not, then the subcontractor may recover notwithstanding the agreement has been entered into and is on record.

[The only question then in this case for you to decide is, was this building commenced prior to the execution of this written contract?] [2] If it was, then I charge you that the plaintiff is entitled to recover $151.17 and interest upon it from whatever time interest may be due.

Your verdict will depend altogether upon what view you take of the testimony relating to the commencement of this building. We charge you and [it is the law that the staking out of a building and laying of the lines of the building is its commencement if that staking and that laying out has been carried out in the erection of the building. So that if you shall find from the testimony in this case that this building was staked out and that the building was substantially constructed or erected from it as upon the land and that was prior to the entering into of this contract, prior to May 8, 1899, then this plaintiff is entitled to recover.] [1]   But if from all the evidence in the cause you find that this building was not commenced until after the entering into of this contract between Mr. Tunis and Mr. Eves, then the plaintiff is not entitled to recover.

Verdict and judgment for plaintiff for $156.42.  Defendant appealed.

*Errors assigned* were (1, 2, 4–7) above instructions, quoting them.

*George T. Butler*, for appellant.—The Act of June 26, 1895, says the stipulation must be signed "prior to the time authority is given to the principal contractor to proceed with said work." Consequently the question to be submitted to the jury is not when the building was commenced, but when was authority given to the contractor, William Eves, Jr., to proceed with the work.

*V. Gilpin Robinson*, with him *H. P. Green*, for appellee.— The commencement is the first labor done on the ground which is made the foundation of the building and to form part of the work suitable and necessary for its construction: Denkel's Est., 1 Pearson, 213; Lombert v. Morris, 2 Del. Co. Rep. 457.

OPINION BY WILLIAM W. PORTER, January 21, 1902:

In this case there was a written contract between the owner and the contractor which contained a stipulation against liens. No copy is furnished to us.  We will, however, assume that the terms of this stipulation were legally sufficient to effectuate the purpose intended, since no question is raised upon the point. The contract, including the stipulation, was filed with the prothonotary pursuant to the terms of the act of May 8, 1895. The positive testimony of the contractor and the architect is that the contractor had no authority to commence work other than that conferred by the written contract.  This evidence is not contradicted.  It is shown that the plaintiff had no authority from the defendant, the owner of the land, to furnish materials to the land.  They were furnished to the contractor after the execution of the contract.  The right to proceed with the work was then first acquired by the contractor by virtue of his contract.  The rights of the subcontractor were acquired solely through the principal contractor.  The rights. of both to file liens were, by the terms of the contract, filed with the prothonotary, gone.

The judgment is reversed.